UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SHAWN STEPHEN,

          Plaintiff,

    -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, SGT. BRIAN HERBERT, P.O.
HAYNES, P.O. JASON MICHAUD, P.O. JEFFREY
STRAUBER and P.O. JOHN DOES (1-10), names
being fictitious true names being
unknown, persons intended being the police
officers employed by New York City Police
Department, who responded to an incident
which occurred on December 19, 2010 at
approximately 3:45 a.m., at or about the
intersection located at Jamaica Avenue and
123d Street, Richmond Hill, New York,

               Defendants.

----------------------------------------X

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK
2012 MAR 15 PM 2:2
FILED
CLERK

**VERIFIED COMPLAINT**

Docket No.:

**CV 12 - 1295**

**TOWNES, J.**

**POHORELSKY, M.J.**

      Plaintiff, by his attorneys, **PARKER WAICHMAN, LLP** complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

### JURISDICTION AND VENUE

      1.   This Court has jurisdiction pursuant to 28 U.S.C. Section 1331 due to defendants' violation of Section 42 U.S.C. 1981, 1983 and 1988 as well as various provisions of the United States Constitution.

2.    Venue is proper in this district under 28 U.S.C. Section 1391 because the claims of the Plaintiff arose in this district and/or Defendants do business in this district.

3.    This Court also has jurisdiction over the matters alleged pursuant to the principles of supplemental jurisdiction.

4.    Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P.38(b).

## Plaintiff

5.    Plaintiff, SHAWN STEPHEN, is an individual who resides at 115-18 116th Street, South Ozone Park, NY 11420.

### Defendants

6.    That on December 19, 2010, and at all times herein mentioned, defendant, City of New York, was and still is a municipal corporation within the State of New York.

7.    The defendant, City of New York, has a principal place of business located at 100 Church Street, New York, New York 10007

8.    That on December 19, 2010, and at all times herein mentioned defendant, New York City Police Department, was and still a domestic municipal corporation.

9.    The defendant, New York City Police Department, is a department of City of New York, whose principal place of business is located at 1 Police Plaza, New York, New York 10007.

10.    That upon information and belief, defendant, Sgt. Brian Herbert, was and still is a resident of the State of New York.

2

11. That upon information and belief, defendant, P.O. Haynes, was and still is a resident of the State of New York.

12. That upon information and belief, defendant, P.O. Jason Michaud, was and still is a resident of the State of New York.

13. That upon information and belief, defendant, P.O. Jeffrey Strauber, was and still is a resident of the State of New York.

14. That upon information and belief, defendant, P.O. John Does (1-10), were and still are residents of the State of New York.

15. That prior hereto on January 25, 2011, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with the plaintiff's demands for adjustment thereof was duly served on the plaintiff's behalf on City of New York.

16. That prior hereto on January 25, 2011, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and place where the injuries and damages were sustained, together with plaintiff's demands for adjustment thereof was duly served on the plaintiff's behalf on the defendant, New York City Police Department.

17. Defendant, City of New York, refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

18. Defendant, New York City Police Department, refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof, and that

thereafter, and within the time provided by law, this action was commenced.

19.     That on May 4, 2011, pursuant to a General Municipal Law, a 50-H hearing was held on behalf of the defendants, City of New York and New York City Police Department.

20.     That all times hereinafter mentioned, defendant, Sgt. Brian Herbert, was an employee of the defendant, City of New York.

21.     That all times hereinafter mentioned, defendant, Sgt. Brian Herbert, was an employee of the defendant, New York City Police Department.

22.     That all times hereinafter mentioned, defendant, P.O. Haynes, was an employee of the defendant, City of New York.

23.     That all times hereinafter mentioned, defendant, P.O. Haynes, was an employee of the defendant, New York City Police Department.

24.     That all times hereinafter mentioned, defendant, P.O. Jason Michaud, was an employee of the defendant, City of New York.

25.     That all times hereinafter mentioned, defendant, P.O. Jason Michaud, was an employee of the defendant, New York City Police Department.

26.     That all times hereinafter mentioned, defendant, P.O. Jeffrey Strauber, was an employee of the defendant, City of New York.

27.     That all times hereinafter mentioned, defendant, P.O. Jeffrey Strauber, was an employee of the defendant, New York City Police Department.

28. That all times hereinafter mentioned, defendant, P.O. John Does (1-10), were employees of the defendant, City of New York.

29. That all times hereinafter mentioned, defendant, P.O. John Does (1-10), were employees of the defendant, New York City Police Department.

30. That this action is being commenced within one year and ninety days after accrual of this cause of action or within the time allowed by law.

**FACTUAL ALLEGATIONS**

31. That on December 19, 2010, at or near Jamaica Avenue and 123rd Street, Richmond Hill, New York, plaintiff SHAWN STEPHEN was a pedestrian exiting the premises located at 121-08 Jamaica Avenue, Richmond Hill, New York.

32. That on December 19, 2010, at or near Jamaica Avenue and 123rd Street, Richmond Hill, New York, plaintiff SHAWN STEPHEN was a pedestrian exiting the premises located at 121-08 Jamaica Avenue, Richmond Hill, New York and was traversing to his parked motor vehicle.

33. That on December 19, 2010, there was an altercation at or near Jamaica Avenue and 123rd Street, Richmond Hill, New York.

34. That on December 19, 2010, there was an altercation at or near Jamaica Avenue and 123rd Street, Richmond Hill, New York to which police officers from defendant New York City Police Department responded.

35.    That on December 19, 2010, there was an altercation at or near Jamaica Avenue and 123rd Street, Richmond Hill, New York to which police officers from defendant New York City Police Department responded, including but not limited to Sgt. Brian Herbert, P.O. Haynes, P.O. Jason Michaud, P.O. Jeffrey Strauber and P.O. John Does (1-10).

36.    That on December 19, 2010, police officers, including but not limited to Sgt. Brian Herbert, P.O. Haynes, P.O. Jason Michaud, P.O. Jeffrey Strauber and P.O. John Does (1-10) questioned plaintiff Shawn Stephen regarding the altercation at or near Jamaica Avenue and 123rd Street, Richmond Hill, New York.

37.    That on December 19, 2010, at or near Jamaica Avenue and 123rd Street, Richmond Hill, New York,  while the plaintiff SHAWN STEPHEN,   exited the premises located at 121-08 Jamaica Avenue, Richmond Hill, New York, and was traversing to his parked motor vehicle, he was assaulted, battered, and unlawfully detained  by members of the NEW YORK CITY POLICE DEPARTMENT, including, but not limited to Sgt. Brian Herbert, P.O. Haynes, P.O. Jason Michaud, P.O. Jeffrey Strauber and P.O. John Does (1-10).

### AS AND FOR A FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C SECTIONS 1981 and 1983
### AND THE NEW YORK STATE CONSTITUTION AGAINST DEFENDANTS
### CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT

38.    Plaintiff repeats, reiterates and realleges each and every allegation contained herein above, with the same force and effect as if set forth at length herein.

39. That defendant, New York City Police Department, is charged with a duty to protect the citizenry of City of New York.

40. That the defendant, New York City Police Department, is a department of defendant, City of New York.

41 That the defendant, New York City Police Department, is an agency of defendant, City of New York.

42. That the defendant, New York City Police Department, is a division of the defendant, City of New York.

43. That defendant, Sgt. Brian Herbert, a Police Officer, is an employee of the defendant, New York City Police Department.

44. That defendant, P.O. Haynes, a Police Officer, is an employee of the defendant, New York City Police Department.

45. That defendant, P.O. Jason Michaud, a Police Officer, is an employee of the defendant, New York City Police Department.

46. That defendant, P.O. Jeffrey Strauber, a Police Officer, is an employee of the defendant, New York City Police Department.

47. That defendant P.O. John Does (1-10), Police Officers, are employees of the defendant, City of New York.

48. That defendant, Sgt. Brian Herbert, a Police Officer, is an employee of the defendant, City of New York.

49. That defendant, P.O. Haynes, a Police Officer, is an employee of the defendant, City of New York.

50. That defendant, P.O. Jason Michaud, a Police Officer, is an employee of the defendant, City of New York.

51. That defendant, P.O. Jeffrey Strauber, a Police Officer, is an employee of the defendant, City of New York.

52. That defendant P.O. John Does (1-10) Police Officers, are employees of the defendant, City of New York.

53. That the defendant, City of New York, had prior knowledge of assaults made by its officers, agents and/or employees.

54. That the defendant, New York City Police Department, had prior knowledge of assaults made by its officers, agents and/or employees.

55. That the defendant, City of New York, had prior knowledge of the possible assaults made by it's employees.

56. That the defendant, New York City Police Department, had prior knowledge of possible assaults made by its officers, agents and/or employees.

57. That the defendant, City of New York, has acted indifferently with respect to the assaults made by its employees.

58. That the defendant, New York City Police Department, has acted indifferently with respect to the assaults made by its officers.

59. That the defendant, City of New York, has failed to monitor the assaults made by its employees.

60. That the defendant, New York City Police Department, has failed to monitor the use of excessive force by its officers.

61. That the defendant, City of New York, has failed to monitor the Civil Rights violations by its employees.

62. That the defendant, New York City Police Department, has failed to monitor the Civil Rights violations by its officers.

63. That the defendant, City of New York, inadequately supervised its employees with respect to the civil right violations committed against the public at large.

64. That the defendant, New York City Police Department, inadequately supervised its officers with respect to the civil right violations committed against the public at large.

65. That the defendant, City of New York, inadequately supervised its employees with respect to civil right violations committed against the plaintiff, SHAWN STEPHEN.

66. That the defendant, New York City Police Department, inadequately supervised its officers with respect to civil right violations committed against the plaintiff, SHAWN STEPHEN.

67. That the defendant, City of New York, inadequately supervised its employees with respect to civil right violations committed against the public at large.

68. That the defendant, New York City Police Department, inadequately supervised its officers with respect to civil right violations committed against the public at large.

69. That the defendant, City of New York, inadequately supervised its employees with respect to Federal Constitutional rights violations of the public at large.

70. That the defendant, New York City Police Department, inadequately supervised its officers with respect to Federal Constitutional rights violations of the public at large.

71. That the defendant, City of New York, inadequately supervised its employees with respect to Federal Constitutional rights violations of the plaintiff, SHAWN STEPHEN.

72. That the defendant, New York City Police Department, inadequately supervised its officers with respect to Federal Constitutional rights violations of the plaintiff, SHAWN STEPHEN.

73. That the defendant, City of New York, failed to supervise its employees with respect to New York State Constitutional rights violations of the public at large.

74. That the defendant, New York City Police Department, failed to supervise its officers with respect to New York State Constitutional rights violations of the public at large.

75. That the defendant, City of New York, failed to supervise its employees with respect to New York State Constitutional rights violations of the plaintiff, SHAWN STEPHEN.

76. That the defendant, New York City Police Department, failed to supervise its officers with respect to New York State Constitutional rights violations of the plaintiff, SHAWN STEPHEN.

77. Upon information and belief, there have been numerous complaints and/or grievances made to defendant, City of New York, concerning its employees violating the civil rights of the public at large.

78. Upon information and belief, there have been numerous complaints and/or grievances made to defendant, New York City Police Department, concerning its employees violating the civil rights of the public at large

79. Upon information and belief, there have been numerous complaints and/or grievances made to defendant, City of New York, concerning its employees violating the constitutional rights of the public at large.

80. Upon information and belief, there have been numerous complaints and/or grievances made to defendant, New York City Police Department, concerning its employees violating the constitutional rights of the public at large.

81. That the aforementioned acts of defendant, City of New York, violated the civil rights of the plaintiff, SHAWN STEPHEN.

82. That the aforementioned act of defendant, New York City Police Department, violated the civil rights of plaintiff, SHAWN STEPHEN.

83. That the aforementioned, act of defendant, City of New York's employees violated the Constitutional rights of plaintiff, SHAWN STEPHEN.

84. That the aforementioned acts of defendant, New York City Police Department's officers, violated the Constitutional rights of plaintiff, SHAWN STEPHEN.

85. That defendant, City of New York, was alerted to the possible use of excessive force committed by its employees, in general and more particularly by the employees of the New York City Police Department Headquarters.

86. That defendant, New York City Police Department, was alerted to the possible use of assaults committed by its employees, in

general and more particularly by the officers of the New York City Police Department Headquarters.

87.    That the defendant, City of New York, was alerted that the New York City Police Department, permitted and/or acquiesced to the assaults made by its employees.

88.    That the defendant, New York City Police Department, was alerted that its officers permitted and/or acquiesced to the assaults made.

89.    That defendant, City of New York, was alerted that its department and/or agency the New York City Police Department, had been violating the Civil Rights of the populace at large.

90.    That defendant, City of New York, acted indifferently with respect to the assaults of the defendant, New York City Police Department's officers.

91.    That defendant, City of New York, acted indifferently with respect to charges of assaults by the defendant, New York City Police Department.

92.    That defendant, City of New York, acted indifferently with respect to charges of Civil Rights violations committed by employees of its department and/or agency defendant, New York City Police Department.

93.    That defendant, City of New York, acted indifferently with respect to charges of Civil Rights violations committed by officers of its department and/or agency New York City Police Department.

94.    That defendant, City of New York, failed to monitor the assaults made by the employees of the defendant, New York City Police Department.

95.    That defendant, City of New York, failed to monitor the false arrest made by officers of the defendant, New York City Police Department.

96.    That defendant, City of New York, failed to monitor complaints of Civil Rights violations committed by the officers of the defendant, New York City Police Department.

97.    That defendant, City of New York, failed to monitor complaints of violations of Constitutional Rights of the populace committed by the officers of the defendant, New York City Police Department.

98.    That defendant, City of New York, inadequately monitored complaints of Civil Rights violations, of the populace, committed by the employees of the defendant, New York City Police Department.

99.    That defendant, City of New York, inadequately monitored complaints of Civil Rights violations, of the populace, committed by the officers of the defendant, New York City Police Department.

100.    That defendant, City of New York, failed to supervise its New York City Police Department's employees with respect to civil rights violations of the public at large.

101. That defendant, City of New York, failed to supervise New York City Police Department's employees with respect to violations of Constitutional rights committed against the public at large.

102. That defendant, City of New York, failed to supervise New York City Police Department's officers with respect to violations of Constitutional rights committed against the public at large.

103. Upon information and belief, there have been numerous complaints and/or grievances made to defendant, City of New York, concerning employees violating civil rights of the public at large.

104. Upon information and belief, there have been numerous complaints and/or grievances made to defendant, City of New York, concerning officers violating civil rights of the public at large.

105. Upon information and belief, there have been numerous complaints and/or grievances made to defendant, City of New York, concerning its employees violating the Constitutional Rights of the public at large.

106. Upon information and belief, there have been numerous complaints and/or grievances made to defendant, City of New York, concerning its officers violating the Constitutional Rights of the public at large.

107. That the aforementioned acts were done in the course and scope of "employees" employed with defendant, City of New York.

108. That the aforementioned acts were done in the course and scope of "officers" employed with defendant, City of New York.

109. That the aforementioned acts were done in the course and

scope of "officers" employed with defendant, New York City Police Department.

110. That the defendant had actual or constructive notice of the aforesaid conditions and/or activities and/or propensities and/or behaviors.

111. That Article 16 limitations on liability are not applicable herein.

112. As a result of the aforesaid, plaintiff, SHAWN STEPHEN, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR ASSAULT

113. Plaintiff repeats, reiterates and realleges each and every allegation contained herein above, with the same force and effect as if set forth at length herein.

114. That on December 19, 2010 while plaintiff, **SHAWN STEPHEN** was a lawful pedestrian at the aforesaid location, plaintiff was violently and viciously struck, assaulted, battered, beaten, pushed, shoved, thrown, chased and seriously injured by defendants, SGT. BRIAN HERBERT, P.O. HAYNES, P.O. JASON MICHAUD, P.O. JEFFREY STRAUBER and P.O. JOHN DOES (1-10) without just cause of provocation.

115. That the defendant had actual or constructive notice of the aforesaid conditions and/or activities and/or propensities and/or behaviors.

116. That Article 16 limitations on liability are not applicable herein.

117. That by reason of the foregoing, plaintiff, **SHAWN STEPHEN**, sustained severe and permanent personal injuries, became sick, sore, lame and disabled, suffered mental anguish, was confined to hospital, bed and home and may, in the future, be so confined; was incapacitated and from attending to his usual duties and may in the future, be so incapacitated and plaintiff was otherwise damaged.

118. That by reason of the foregoing, plaintiff, **SHAWN STEPHEN**, sustained severe and permanent personal injuries, became sick, sore, lame and disabled, suffered mental anguish, was confined to hospital, bed and home and may, in the future, be so confined; was incapacitated and from attending to his usual duties and may in the future, be so incapacitated and plaintiff was otherwise damaged.

119. As a result of the aforesaid, plaintiff, SHAWN STEPHEN, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION
### FOR NEGLIGENCE

120. Plaintiff repeats, reiterates and realleges each and every allegation contained herein above, with the same force and effect as if set forth at length herein.

121. At all times hereinafter mentioned, the defendant, City of New York, in its regular course of business hired employees.

122. At all times hereinafter mentioned, the defendant, City of New York, in its regular course of business hired officers.

123. At all times hereinafter mentioned, the defendant, New York City Police Department, in its regular course of business hired employees.

124. At all times hereinafter mentioned, the defendant, New York City Police Department, in its regular course of business hired officers.

125. At all times hereinafter mentioned, the defendant, City of New York, in its regular course of business trained the employees to carry out its functions and/or duties.

126. At all times hereinafter mentioned, the defendant, City of New York, in its regular course of business trained the officers to carry out its functions and/or duties.

127. At all times hereinafter mentioned, the defendant, New York City Police Department, in its regular course of business trained the employees to carry out its functions and/or duties.

128. At all times hereinafter mentioned, the defendant, New York City Police Department, in its regular course of business trained the officers to carry out its functions and/or duties.

129. At all times hereinafter mentioned, the defendant, City of New York, in its regular course of business managed the employees hired to carry out its functions and/or duties.

130. At all times hereinafter mentioned, the defendant, New York City Police Department, in its regular course of business managed the employees hired to carry out its functions and/or duties.

131. At all times hereinafter mentioned, the defendant, City of New York, in its regular course of business managed the officers hired to carry out its functions and/or duties.

132. At all times hereinafter mentioned, the defendant, New York City Police Department, in its regular course of business managed the employees hired to carry out its functions and/or duties.

133. At all times hereinafter mentioned, the defendant, City of New York, in its regular course of business, supervised the employees regarding their duties/functions to be carried out throughout City of New York.

134. At all times hereinafter mentioned, the defendant City of New York, in its regular course of business, supervised the officers regarding their duties/functions to be carried out throughout, City of New York.

135. At all times hereinafter mentioned, the defendant, New York City Police Department, in its regular course of business, supervised the employees regarding their duties/functions to be carried out throughout City of New York.

136. At all times hereinafter mentioned, the defendant, New York City Police Department, in its regular course of business, supervised the officers regarding their duties/functions to be carried out throughout City of New York.

137. At all times hereinafter mentioned, the employees of the defendant, City of New York, were acting within the course and scope of their employment.

138. At all times hereinafter mentioned, the employees of the defendant, New York City Police Department, were acting within the course and scope of their employment.

147. That the defendants were otherwise negligent, reckless, careless and grossly negligent.

148. That the defendant had actual or constructive notice of the aforesaid conditions and/or activities and/or propensities and/or behaviors.

149. That Article 16 limitations on liability are not applicable herein.

150. That by reason of the foregoing, plaintiff SHAWN STEPHEN, sustained severe and permanent personal injuries, became sick, sore, lame and disabled, suffered mental anguish, was confined to hospital, bed and home and may, in the future, be so confined; was incapacitated and from attending to his usual duties and may in the future, be so incapacitated and plaintiff was otherwise damaged.

151. That plaintiff SHAWN STEPHEN in no way contributed to, caused or provoked the aforesaid incident.

152. As a result of the aforesaid, plaintiff, SHAWN STEPHEN, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### AS AND FOR A FOURTH CAUSE OF ACTION

153. Plaintiff repeats, reiterates and realleges each and every allegation contained herein above, with the same force and effect as if set forth at length herein.

154. That defendant, City of New York, knew or by the exercise of due care should have known of the gross negligence, carelessness, recklessness and wanton disregard of the safety and well being of the plaintiff, **SHAWN STEPHEN,** and the intentional malicious conduct

exhibited by the defendants, SGT. Brian Herbert, P.O. Haynes, P.O. Jason Michaud, P.O. Jeffrey Strauber and P.O. John Does (1-10), plaintiff is entitled to punitive damages.

155. As a result of the aforesaid, plaintiff, SHAWN STEPHEN, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**AS AND FOR A FIFTH CAUSE OF ACTION**

156. Plaintiff repeats, reiterates and realleges each and every allegation contained herein above, with the same force and effect as if set forth at length herein.

157. Upon information and belief, at all times hereinafter mentioned, defendants failed to comply with and were in violation of statutes or requirements of Federal, State, City and/or local governments then and there existent, including but not limited to, United States Code 1981(a), 1983, 1988 and New York State Constitution §§ 11.

158. That the injuries sustained by plaintiff, **SHAWN STEPHEN,** was caused by the defendants, their agents, servants and/or employees as a result of negligence in failing to comply with the applicable statutes and requirements of Federal, State, City and/or local governments or any and all of their departments, divisions and bureaus and plaintiff claims defendants to be liable to him for his injuries.

159. The injuries sustained by the plaintiff herein were sustained without any fault, want of care or culpable conduct on the part of the plaintiff herein, but solely by virtue of the negligent,

omission, willful or culpable negligence of the defendant in failing to comply with statues and/or requirement of State, City and/or local governments then and there existing as herein above set forth.

160. The injuries sustained by the plaintiff, **SHAWN STEPHEN**, occurred in the manner as hereinabove stated and based upon these facts it may be inferred that defendants' negligence directly caused the harm to plaintiff.

161. As a result of the aforesaid, plaintiff, **SHAWN STEPHEN**, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

WHEREFORE, plaintiff **SHAWN STEPHEN**, demands judgment against the defendants in the First, Second, Third, Fourth and Fifth Causes of Action in the amount which exceeds jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Port Washington, New York
March 14, 2012

Yours, etc.,

By

Fred R. Rosenthal (FR4528)
Parker Waichman, LLP
Attorney for Plaintiff(s)
6 Harbor Park Drive
Port Washington, NY, 11050
(516)466-6500
File # 043689

**Parker Waichman LLP**

**ATTORNEYS VERIFICATION**

STATE OF NEW YORK )

                        : ss :

COUNTY OF NASSAU )

Fred R. Rosenthal, an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York, affirms the following to be true under penalties of perjury:

I am a member/associate of the firm **Parker Waichman LLP** attorneys for the plaintiff(s) herein.

I have read the foregoing Verified Complaint and know the contents thereof. Upon information and belief, I believe the matters alleged therein to be true.

The source of your deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

The reason this verification is made by deponent and not by plaintiff(s) is that plaintiff(s) reside in a county other than the one in which your deponent's office is maintained.

Dated:        Port Washington, New York
               March 14, 2012

                                      Fred R. Rosenthal  (FR4528)