UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
SHAWN STEPHEN,

                    Plaintiff,

      -against-

CITY OF NEW YORK, SGT. BRIAN HERBERT, P.O.
MATTHEW HYNES, P.O. JASON MICHAUD, and P.O.
JEFFREY STRAUBER,

                    Defendants.
----------------------------------------------------------------------------X

**VERIFIED SECOND
AMENDED COMPLAINT**

Docket No.:
CV 12-1295

       Plaintiff, by his attorneys, Parker Waichman, LLP, complaining of the defendants herein, respectfully shows to this Court, and alleges as follows:

## JURISDICTION AND VENUE

       1.     This Court has jurisdiction pursuant to 28 U.S.C. Section 1331 and 1343 due to defendants' violation of Section 42 U.S.C. 1983 and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

       2.     Venue is proper in this district under 28 U.S.C. Section 1391 because the claims of the Plaintiff arose in this district.

       3.     This Court also has jurisdiction over the matters alleged pursuant to the principles of supplemental jurisdiction.

## JURY DEMAND

       4.     Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P.38(b).

## NOTICE OF CLAIM

       5.     Plaintiff timely filed a Notice of Claim against the defendants, City of New York, in compliance with General Municipal Law Section 50. Annexed hereto as **Exhibit "A"** is a copy of Plaintiff's Notice of Claim.

6.    While a hearing on the Notice of Claim was conducted, to date, the defendants have failed to pay or adjust the claim herein.

7.    This action has been commenced within allotted statutory time period after the happening of the events upon which these claims arise.

## PARTIES

### Plaintiff

8.    Plaintiff, Shawn Stephen, is an individual who resides at 115-18 116th Street, South Ozone Park, NY 11420.

### Defendants

9.    Defendant, City of New York, was and still is a municipal corporation within the State of New York with a principal place of business located at 100 Church Street, New York, NY 10007.

10.    Upon information and belief, defendant, Sgt. Brian Herbert, was and still is a resident of the State of New York.

11.    Upon information and belief, defendant, P.O. Matthew Hynes, was and still is a resident of the State of New York.

12.    Upon information and belief, defendant, P.O. Jason Michaud, was and still is a resident of the State of New York.

13.    Upon information and belief, defendant, P.O. Jeffrey Strauber, was and still is a resident of the State of New York.

## FACTUAL ALLEGATIONS TO ALL CLAIMS

14.    On December 19, 2010, Plaintiff, Shawn Stephen, was a pedestrian exiting the premises located at 121-08 Jamaica Avenue, Richmond Hill, New York and was traversing to his parked motor vehicle.

15.     Thereafter, approximately one block away, plaintiff saw an altercation at or near the intersection of Jamaica Avenue and 123rd Street in Richmond Hill, New York while Plaintiff was traversing to his parked motor vehicle.

16.     The defendant police officers, Sgt. Brian Herbert, P.O. Matthew Hynes, P.O. Jason Michaud, and P.O. Jeffrey Strauber, had responded to this altercation.

17.     The defendant police officers began assembling those involved in the altercation.

18.     The defendant police officers then attempted to detain plaintiff, even after stating to several of defendant police officers that he was not involved.

19.     An unknown police officer grabbed plaintiff by his shirt while another unknown police officer struck plaintiff in the eye, causing plaintiff to fall to the ground.

20.     Upon falling to the ground, three other unknown police officers began striking and attacking the plaintiff.

21.     Upon information and belief, plaintiff was physically attacked, assaulted, battered, and unlawfully detained by Defendant Police Officers, Sgt. Brian Herbert, P.O. Matthew Hynes, P.O. Jason Michaud, and P.O. Jeffrey Strauber.

22.     Defendant police officers' actions were a direct and proximate cause of Plaintiff sustaining injuries which include, but not limited to, a broken left leg, staples, stitches, and injuries to his eye.

**AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATIONS OF 42 U.S.C SECTIONS 1983 AGAINST DEFENDANT-OFFICERS**

23.     Plaintiff repeats, reiterates and realleges each and every allegation contained herein above.

24.     The Defendant, City of New York, operates as a department or agent, the New York City Police Department.

3

25.     The City of New York is charged with a duty to protect the citizens of the City of New York.

26.     The defendant police officers, Sgt. Brian Herbert, P.O. Matthew Hynes, P.O. Jason Michaud, and P.O. Jeffrey Strauber, are employees or officers of the New York City Police Department and as such are judicial officers.

27.     Defendant police officers knowingly, intentionally, willfully, and negligently attacked, pushed, beaten, struck and detained plaintiff.

28.     Their actions as judicial officers, namely their unnecessary and wanton infliction of pain through physical attacks, assaults, battery and unlawful detainment of plaintiff, violated the Civil Rights of the plaintiff, Shawn Stephen.

29.     Plaintiff was unlawfully seized and detained in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

30.     Additionally, the aforementioned conduct of defendant police officers violated plaintiff's right to be free from unreasonable and excessive use of force under the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.   Defendant police officers' conduct also violated plaintiff's right to be free from physical injury.

31.     All of the aforementioned acts of defendant police officers were in violation of 42 U.S.C. § 1983.

32.     The defendant police officers' actions, as aforementioned above, were done in the course and scope of their employment as judicial offers and were acting under the color of State law.

**AS AND FOR A SECOND CAUSE OF ACTION FOR FAILURE TO INTERVENE**

33.     Plaintiff repeats, reiterates and realleges each and every allegation contained herein above.

34.     The defendant police officers, Sgt. Brian Herbert, P.O. Matthew Hynes, P.O. Jason Michaud, and P.O. Jeffrey Strauber, were under the obligation and duty to intervene on behalf of plaintiff for the violations of his constitutional rights.

35.     The defendant police officers failed to intervene on behalf of plaintiff for the violations of his constitutional rights despite having a reasonable opportunity to prevent, end, or truthfully report the misconduct by the other defendant police officers.

36.     As a result of defendant police officers failure to intervene, plaintiff's constitutional rights were violated and plaintiff was caused to suffer physical harm.

## AS AND FOR A THIRD CAUSE OF ACTION UNDER A STATE LAW CLAIM OF NEGLIGENCE

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained herein above.

38.     At all times hereinafter mentioned, the defendant, City of New York, in its regular course of business hired employees.

39.     At all times hereinafter mentioned, the defendant, City of New York, trained, managed, and supervised employees to carry out its functions and/or duties.

40.     Defendant-officers, Sgt. Brian Herbert, P.O. Matthew Hynes, P.O. Jason Michaud, and P.O. Jeffrey Strauber, are employees of the defendant, City of New York.

41.     At all times hereinafter mentioned, the defendant-officers, Sgt. Brian Herbert, P.O. Matthew Hynes, P.O. Jason Michaud, and P.O. Jeffrey Strauber, were acting within the course and scope of their employment.

42.     Defendant, City of New York, failed to monitor the assaults made by its employees.

43.     Defendant, City of New York, failed to monitor the use of excessive force by its employees.

44.     Defendant, City of New York, failed to monitor the Civil Rights violations by its employees.

45.    Defendant, City of New York, failed to monitor the unlawful detainment made by their employees, Sgt. Brian Herbert, P.O. Matthew Hynes, P.O. Jason Michaud, and P.O. Jeffrey Strauber, and permitted and/or acquiesced to their assault.

46.    Defendant, City of New York, was alerted to the possible use of excessive force committed by its employees, defendant-officers Sgt. Brian Herbert, P.O. Matthew Hynes, P.O. Jason Michaud, and P.O. Jeffrey Strauber, and permitted and/or acquiesced to their assault.

47.    Defendant, City of New York, inadequately supervised its employees with respect to the Civil Rights violations committed against the public at large, and more specifically, plaintiff herein.

48.    Defendant, City of New York, had actual or constructive notice of the aforesaid activities, propensities, and/or behaviors.

49.    The aforesaid conduct by defendant police officers was due solely to the negligence, carelessness and recklessness of the defendant, City of New York, in their hiring, training, supervision, retention and control of their employees.

## AS AND FOR A FOURTH CAUSE OF ACTION UNDER A STATE LAW CLAIM OF ASSAULT

50.    Plaintiff repeats, reiterates and realleges each and every allegation contained herein above.

51.    Defendant police officers, Sgt. Brian Herbert, P.O. Matthew Hynes, P.O. Jason Michaud, and P.O. Jeffrey Strauber, placed plaintiff in apprehension of imminent harmful and offensive bodily contact while was violently and viciously struck, assaulted, attacked, and unlawfully detained.

52.    As a result of the conduct by defendant police officers, plaintiff, Shawn Stephen, was placed in apprehension of imminent harmful and offensive bodily contact and suffered physical pain, together with shock, fright, and embarrassment.

## AS AND FOR A FIFTH CAUSE OF ACTION UNDER STATE LAW CLAIM OF BATTERY

53.     Plaintiff repeats, reiterates and realleges each and every allegation contained herein above.

54.     Defendant police officers, Sgt. Brian Herbert, P.O. Matthew Hynes, P.O. Jason Michaud, and P.O. Jeffrey Strauber made offensive contact with plaintiff without consent.

55.     As a result of the conduct by defendant police officers, plaintiff, Shawn Stephen, suffered physical injuries, pain, and mental anguish.

## AS AND FOR A SIXTH CAUSE OF ACTION UNDER STATE LAW CLAIM OF *RESPONDEAT SUPERIOR*

56.     Plaintiff repeats, reiterates and realleges each and every allegation contained herein above.

57.     Defendant, City of New York, are vicariously liable for the acts of defendant police officers, Sgt. Brian Herbert, P.O. Matthew Hynes, P.O. Jason Michaud, and P.O. Jeffrey Strauber, who were on duty and acting in the course and scope of their employment when engaged in the aforementioned wrongful conduct.

## AS AND FOR A SEVENTH CAUSE OF ACTION UNDER STATE LAW CLAIM OF VIOLTATIONS OF NYS CONSTITUTION ARTICLE 1 § 12

58.     Plaintiff repeats, reiterates and realleges each and every allegation contained herein above.

59.     The aforementioned conduct of defendant police officers' deprived plaintiff of his right against unreasonable seizures.

## REQUEST FOR DAMAGES

60.    As a result of all the foregoing causes of actions, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury for the injuries sustained. Plaintiff is further entitled to punitive damages against Defendants in an amount to be fixed by a jury, along with reasonable attorneys' fees, costs, and disbursements of this action.

61.    The injuries sustained by the plaintiff were sustained without any fault, want of care or culpable conduct on the part of the plaintiff herein, but solely by virtue of the negligent, omission, willful or culpable negligence of the defendant.

62.    The injuries sustained by the plaintiff occurred in the manner as hereinabove stated and based upon these facts it may be inferred that defendants' negligence directly caused the harm to plaintiff.

**WHEREFORE**, plaintiff, Shawn Stephen, demands judgment against the defendants in the above-stated Causes of Action together with the costs and disbursements of this action.

Dated:  Port Washington, New York
        July 5, 2016

Yours, etc.,

By: _____
Brett A. Zekowski
Parker Waichman, LLP
*Attorney for Plaintiff*
6 Harbor Park Drive
Port Washington, NY, 11050
(516) 466-6500
File # 043689

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK          )

                                            : ss :

COUNTY OF NASSAU          )

Brett A. Zekowski, an attorney and counselor at law, duly admitted to practice in the Courts of the State of New York, affirms the following to be true under penalties of perjury:

I am an partner of the firm **Parker Waichman LLP** attorneys for the plaintiff(s) herein.

I have read the foregoing Verified Second Amended Complaint and know the contents thereof.   Upon information and belief, I believe the matters alleged therein to be true.

The source of your deponent's information and the grounds of my belief are communications, papers, reports and investigations contained in my file.

The reason this verification is made by deponent and not by plaintiff(s) is that plaintiff(s) reside in a county other than the one in which your deponent's office is maintained.

Dated: Port Washington, NY
          July 5, 2016

Brett A. Zekowski