UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
SHAWN STEPHEN,

                   Plaintiff,

                   -against-

CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, SGT. BRIAN HERBERT, P.O. MATTHEW
HYNES, P.O. JASON MICHAUD, P.O. JEFFREY
STRAUBER and P.O. JOHN DOES (1-10), names being
fictitious true names being unknown, persons intended being
the police officers employed by New York City Police
Department, who responded to an incident which occurred on
December 19, 2010 at approximately 3:45 a.m., at or about the
intersection located at Jamaica Avenue and 123rd Street,
Richmond Hill, New York,

                   Defendants.
---------------------------------------------------------------------X

**MEMORANDUM &
ORDER**

12-CV-1295 (SLT) (SLT)

**TOWNES, United States District Judge:**

       On October 25, 2016, Defendants filed an omnibus motion *in limine* in preparation for the upcoming trial in this case on November 14, 2016. (Memo. of Law in Supp. of Defendants' Mot. in Limine, ECF No. 40.) Defendants' motion included an argument that Plaintiff Shawn Stephen's Seventh Cause of Action should be dismissed. (*Id.* at 8-9.) To the extent that this argument fails to raise any evidentiary issues, the Court construes it as a motion to dismiss the Seventh Cause of Action for failure to state a claim. Rule 12(h)(2) permits a party to raise the defense of failure to state a claim at any time before the end of trial, including in a motion for judgment on the pleadings under Rule 12(c). FED. R. CIV. P. 12(h)(2)(B). Accordingly, the Court construes Defendants' argument seeking dismissal of the Seventh Cause of Action as a

motion for judgment on the pleadings under Rule 12(c).[1] FED. R. CIV. P. 12(c) ("After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings"). "In deciding a Rule 12(c) motion, we apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party, ... unless the allegations are supported by mere conclusory statements ...." *Hayden v. Paterson*, 594 F.3d 150, 157 n.4 (2d Cir. 2010) (internal quotation marks and citations omitted); *see also, Residents for Sane Trash Solutions, Inc. v. United States Army Corps of Engineers*, 31 F. Supp. 3d 571, 596 (S.D.N.Y. 2014) (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994)). For the reasons set forth below, Defendants' motion is granted.

Plaintiff's Seventh Cause of Action under the New York State Constitution Article I § 12 alleges that Defendant individual police officers' conduct "deprived plaintiff of his right against unreasonable seizures." (Ver. Sec. Am. Compl. ¶ 59[2], ECF No. 35.) But Plaintiff has not alleged any facts to support an allegation of "unreasonable seizures." Neither the Verified Second Amended Complaint nor the Joint Pretrial Order allege or state that Plaintiff was arrested or that Defendant individual police officers took anything from him during the December 19, 2010 incident at issue in this case.

Defendants argue that this Cause of Action should be dismissed because state constitutional tort remedies are available only "in cases in which a plaintiff ... has no alternative remedy." (Memo. of Law in Support of Defendants' Mot. in Limine 8-9.) Here, Defendants

---

[1] Defendants can no longer raise this argument under Rule 12(b)(6) because they have already filed their Answer to Plaintiff's most recent pleading, the Verified Second Amended Complaint. (Ans. to Sec. Am. Compl., ECF No. 36.)

[2] Plaintiff also raised a claim under the New York State Constitution against Defendants the City of New York and the New York City Police Department in his original Complaint and his Verified Amended Complaint. (Compl., First Cause of Action; Ver. Am. Compl., First Cause of Action.)

argue, the Seventh Cause of Action is redundant of Plaintiff's other claims including his Fourth Amendment claim as well as his Assault and Battery Causes of Action. (*Id.* at 9.) Although Plaintiff filed an opposition to Defendants' motion *in limine*, Plaintiff did not oppose or otherwise address this argument. (ECF No. 47.)

> Article I § 12 of the New York State Constitution states, in relevant part, that
>
> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

But a claim seeking damages for a state constitutional tort violation is a very "narrow remedy...." *Biswas v. City of New York*, 973 F.Supp.2d 504, 522 (S.D.N.Y. 2013) (internal quotation marks and citations omitted). In *Biswas*, the Court granted a Rule 12(b)(6) motion dismissing the plaintiff's claim under the New York State Constitution based on alleged "unlawful seizures and arrests ...." 973 F.Supp.2d at 522. The Court held that

> [a]lthough the New York Court of Appeals has recognized a cause of action for damages based on official conduct violating the State's Constitution, ... the same court has made clear that such a cause of action is a 'narrow remedy' available only when 'necessary to effectuate the purposes of the State constitutional protections that the plaintiff invokes' or 'appropriate to ensure full realization of the plaintiff's rights.' Thus, the state constitutional tort is usually available only in cases in which a plaintiff, ... has no alternative remedy.

*Id.* (citing *Brown v. State*, 89 N.Y.2d 172, 674 N.E.2d 1129, 652 N.Y.S.2d 223 (N.Y. 1996), *Martinez v. City of Schenectady*, 97 N.Y.2d 78, 761 N.E.2d 560, 563, 735 N.Y.S.2d 868 (N.Y. 2001)). The Court dismissed the state constitutional tort claim because "[a]ctions for damages at common law and under § 1983 are both considered adequate alternative remedies that preclude the assertion of a claim for damages under the state Constitution.... In this case, the plaintiff has a remedy at common law for false arrest/false imprisonment and a § 1983 claim based on the same ground. Therefore, the plaintiff is not without a remedy with respect to her injuries

3

resulting from the alleged wrongful arrest and detention ...." *Id.* (citations omitted); *see also Hersey v. Goldstein*, 938 F.Supp.2d 491, 520 (S.D.N.Y. 2013) (granting 12(b)(6) motion dismissing tort claim under the New York State Constitution because "[d]istrict courts in this circuit have consistently held that there is no private right of action under the New York State Constitution where, as here, remedies are available under § 1983") (internal quotation marks and citations omitted).

Similarly here, Plaintiff's First Cause of Action alleges violations under § 1983 for "unreasonable and excessive force[,]" his Fourth Cause of Action alleges Assault, and his Fifth Cause of Action alleges Battery. (Ver. Sec. Am. Compl.) Consequently, Plaintiff "is not without a remedy with respect to [his] injuries resulting from the alleged wrongful" conduct. *Biswas*, 973 F.Supp.2d at 522. Therefore, Plaintiff cannot also seek damages for Defendant individual police officers' alleged state constitutional tort violation.

For all the reasons set forth above, Plaintiff's Seventh Cause of Action is dismissed.

**SO ORDERED.**

s/SLT

/s/ SANDRA L. TOWNES
United States District Judge

Dated: November 7, 2016
Brooklyn, New York

4